IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC MAURICE HOLBROOK, JR.          *

    Petitioner,                                    *

v.                                                      *       Crim. Action No.  ELH-10-0355
                                                                                                        Civ. Action No.  ELH-16-2282

UNITED STATES OF AMERICA,      *

    Respondent.                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *

# MEMORANDUM

On September 6, 2013, Eric M. Holbrook, Jr., Petitioner, entered a plea of guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, a lesser included offense of Count One of the Indictment. ECF 167; ECF 170. In particular, the Plea Agreement stated, ECF 170 ¶ 7: "The government believes that the Defendant is a career offender." *See* U.S.S.G. § 4B1.1.

Sentencing was held on November 27, 2013. ECF 183; ECF 185 (Judgment).[1] Of relevance here, the Presentence Report ("PSR," ECF 178) indicated that Petitioner qualified as a Career Offender. *Id.* ¶ 23; *see also id.* ¶¶ 30, 32, 34, 36. Holbrook's prior convictions in Maryland included several second-degree assault convictions, a conviction for resisting arrest, and a felony drug distribution offense. *Id.* He had 12 criminal history points, which yielded a criminal history category of V. As a Career Offender, however, his Criminal History Category was increased to VI. ECF 178, ¶¶ 38, 39. Moreover, the Career Offender designation resulted in a two-level increase in Holbrook's final adjusted offense level, from 29 to 31. *Id.* ¶¶ 22, 25.

---

[1] This case was initially assigned to Judge Benson E. Legg. It was reassigned to me on August 24, 2012, due to the retirement of Judge Legg.

At sentencing, the Court agreed with the PSR and determined that Holbrook qualified as a Career Offender under U.S.S.G. § 4B1.1. The Court found the defendant's Offense Level was 31 and his Criminal History Category was VI, with an advisory sentencing guideline range of 188 to 235 months' imprisonment. ECF 186 at 1. If the defendant were not a career offender, his offense level would have been a 29 with a criminal history category of V. And, the guidelines range would have been 140 to 175 months. The Court imposed a sentence of 108 months of incarceration. ECF 185.

On June 6, 2016, the Federal Public Defender ("FPD") filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF 211, "Motion"), based on *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" was unconstitutionally vague. 135 S. Ct. at 2555-57; *see also United States v. Winston*, 850 F.3d 667, 680 (4th Cir. 2017) (explaining *Johnson*). Relying on *Johnson*, Holbrook argued that Petitioner no longer qualified as a Career Offender because the prior offense of resisting arrest does not constitute a crime of violence. ECF 211 at 1.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). In *Beckles*, the Court determined that the advisory sentencing guidelines are not subject to *Johnson* challenges. Subsequent to that decision, on August 25, 2017, the FPD wrote to Petitioner, asking whether he wanted to voluntarily withdraw his motion. ECF 212 1-3. Petitioner was also advised that the FPD intended to submit a request to withdraw as counsel and, if granted, Petitioner would be proceeding without counsel. *Id.* at 2. Petitioner did not respond to the FPD. *Id.*

On September 20, 2017, the FPD filed a Motion to Withdraw as Counsel. ECF 212. This Court granted that Motion. ECF 213.

Pending before this Court is Petitioner's Motion under 28 U.S.C. § 2255. ECF 211. The government did not respond. No hearing is necessary to resolve the motion. *See* Local Rule 105.6 (D. Md. 2016); 28 U.S.C. § 2255(b). For the reasons stated herein, I shall deny the motion.

## DISCUSSION

Petitioner claims that under *Johnson*, 135 S. Ct. 2551, he does not qualify as a Career Offender under U.S.S.G. § 4B1.1, because one of his prior qualifying convictions is not a crime of violence.

U.S.S.G. § 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states, in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . .

Notably, the scope of review of non-constitutional error is more limited than that of constitutional error. *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "'inconsistent with the

3

rudimentary demands of fair procedure.'" *Id.* at 495-96 (citations omitted); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)), *cert. denied*, 135 S. Ct. 2850 (2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

In light of *Beckles*, 137 S. Ct. 886, Petitioner's Motion is without merit. As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. The *Beckles* Court held, *id.*at 895: "[T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and . . . § 4B1.2(a)'s residual clause is not void for vagueness."

## CONCLUSION

For the reasons stated above, Petitioner's Motion (ECF 211) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by

4

demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

In my view, reasonable jurists would not find Petitioner's claim debatable. Therefore, a certificate of appealability is DENIED.[2]

A separate Order follows.

Dated: September 29, 2017
/s/
Ellen L. Hollander
United States District Judge

---

[2] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court.